REQUESTED BY: Dear Senator:
You have written for the select legislative committee studying the need for any possible legislative changes in the area of law enforcement procedures. You indicate in your letter that you would like our comments regarding changes in the legislation dealing with the county attorneys and coroner's juries. You did invite our representation at the hearing to be held on September 14th, but in view of the pending litigation involving the actions of your committee, we did not feel that it would be appropriate for us to do so. You expressly requested our comments in writing.
We are mindful that the determination of policy in this area is basically for the Legislature. Our responsibility is generally toward the legalities of legislation considered by your committee. However, as we interpret your letter, and pursuant to telephone discussions with the committee's counsel, it does appear that your letter does desire that we comment on the policy aspects of this proposed legislation so that the committee can arrive at a workable solution.
The provisions for a county coroner are found in Article 18 of Chapter 23 of the Nebraska statutes. The county attorney is made ex officio county coroner pursuant to the provisions of section 23-1210, R.R.S. 1943. The question of whether or not to call a coroner's jury is a matter placed within the county attorney's discretion. The authority to require the services of a physician is authorized under the provisions of section 23-1820. His duties are set forth in that section.
Under the proposed legislation, as presented to us, there is created an office of state coroner. This office would be located within the Bureau of Criminal Investigation as established by the bill. We note that the state coroner would be appointed by the Governor subject to the approval of the Legislature. Certain requirements are set forth for the state coroner. This includes the requirement that he be a pathologist and be appointed with due regard to his or her knowledge and experience in proper preservation, identification, and scientific analysis of evidence materials pertaining to the investigation of crimes. This is to be a full time office.
We note that section 25 of the proposed bill states that the state coroner shall be in charge of performing all autopsies requested by the county attorneys in cases when death by unlawful means is suspected. If he completes an autopsy then he is required to certify the cause of death or he may issue a warrant to the clerk of the district court requesting such clerk to summon a coroner's jury to appear before him (state coroner) at a time and place named in the warrant. The coroner's jury is to consist of seven individuals as opposed to six which is required under the present law. The proposed act would require the judge of the district court to preside over the coroner's jury proceedings and would require him to assure that the testimony, proof, and other evidence would be factual and relevant at any subsequent criminal proceeding. The county attorney is required to conduct the coroner's jury in an informal manner and conduct same so as to eliminate unjustifiable expense and delay and to the extent possible, develop evidence that would be admissible in court.
While we have no statistics, we are aware that coroner's juries are seldom used under the present system. The law not states that the coroner shall hold an inquest upon the dead bodies of such persons only as are supposed to have died by unlawful means. This is a matter committed to the coroner's discretion. If there clearly is a death by unlawful means it is not customary to call such a jury. Evidence is then developed in the normal investigative fashion. Usually, it is only in those cases where there is a question as to whether or not the death resulted from unlawful means that the coroner's jury is used at all. Thus, they are rarely used.
Under the proposed legislation, the provision is made that the state coroner shall be in charge of performing all autopsies requested by the county attorney in cases when death by unlawful means is suspected. The question of whether or not to call a coroner's jury then becomes a matter for the discretion of the state coroner rather than of the county attorney. However, the state coroner would only initiate the procedure to call the jury and the conduct of such would then be substantially different than the present. Section 29 of the proposed legislation provides that the judge of the district court shall preside over all coroner's juries proceedings. Presently, the county attorney presides and interrogates the witnesses which may be called.
We suspect, that a hearing before a district judge where he is charged with the duty to assure that the testimony, proof, and other evidence would be factual and relevant at any subsequent criminal proceeding would involve several considerations. Even though the same section directs that the county attorney shall conduct the inquisition in an informal manner, he would still be subject to the direction of the district judge in the presentation of proof. This would essentially be true because the judge is charged with the duty to assure that the evidence is factual and relevant and would properly be admissible at a subsequent criminal proceeding. This presents the danger that such a hearing would then cease to be an informal proceeding, but a part of a court proceeding which might well be subject to judicial rules of evidence. This is a matter which is presently accomplished by the county attorneys who hold such hearings. Second, the availability of district judges might no always be such that they could expeditiously preside over such a hearing due to other commitments in connection with their regular duties. We suspect that this would have a tendency to eliminate even further coroner jury proceedings.
Another consideration is the fact that the state coroner is not authorized to delegate any of his duties but apparently it is contemplated that he would perform all such autopsies when requested by the county attorney. In that connection there is an inconsistency in the subpoena which states that the juror shall appear before the state coroner at the required time to hold the inquest. Then, apparently, he would then become a witness just to present the results of his autopsy. It would appear to us that this would then result in even fewer coroner's juries than are presently held
There are other factors which are not made clear in the bill. In what county is the coroner's jury to be called? What district judge is to preside? How are simultaneous deaths in various parts of the state to be handled?
We have confined our comments to coroner's problems, and have set forth only some of the more obvious problems. We hope they will be of benefit to the committee in its study of this area.